# EXHIBIT 1

# COMMONWEALTH OF VIRGINIA



NORFOLK CIRCUIT COURT
Civil Division
150 ST. PAUL'S BLVD 7TH FLOOR
NORFOLK VA 23510
(757) 389-8942

Summons

To: CH ROBINSON OPERATIONS INC
CORPORATION SERVICE CO.
100 SHOCKOE SLIP 2ND FLOOR
RICHMOND VA 23219

Case No. 710CL25001672-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, May 20, 2025

Clerk of Court: GEORGE E. SCHAEFER III

by _____
                    (CLERK/DEPUTY CLERK )

Instructions:


Hearing Official:


Attorney's name:

**VIRGINIA:**
          IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK


**JORGE FIGUEROA,**
          **Plaintiff,**

**v.**                                        **JURY TRIAL DEMANDED**

**C.H. ROBINSON OPERATIONS, INC.;**
          Serve: Corporation Service Company
                 100 Shockoe Slip, 2nd Fl.
                 Richmond, VA 23219

**ROBINSON COMPANY INC., C.H.**
**d/b/a C.H. ROBINSON TRANSPORTATION CO., INC.,**
**and d/b/a ROBINSON FRESH (CI);**
          Serve: Corporation Service Company
                 100 Shockoe Slip, 2nd Fl.
                 Richmond, VA 23219

**C.H. ROBINSON COMPANY INC.**
**d/b/a C H ROBINSON WORLDWIDE INC.;**
          Serve: Corporation Service Company
                 2780 Snelling Avenue N.
                 Suite 101
                 Roseville, MN 55113

**C.H. ROBINSON INTERNATIONAL, INC.;**
          Serve: Corporation Service Company
                 2780 Snelling Avenue N.
                 Suite 101
                 Roseville, MN 55113

**C.H. ROBINSON WORLDWIDE, INC.;**
          Serve: Corporation Service Company
                 2780 Snelling Avenue N.
                 Suite 101
                 Roseville, MN 55113

**C.H. ROBINSON COMPANY LLC**
**d/b/a CH ROBINSON WORLDWIDE;**
          Serve: Corporation Service Company
                 251 Little Falls Drive
                 Wilmington, DE 19808

**AARON COUNCIL**
**d/b/a COUNCIL TRANSPORT;**
      **Serve: Virginia DMV**
          **Attn: Customer Records Work Center**
          **2300 West Broad Street**
          **Richmond, VA 23269**

**LAMONT CRANDELL, SR.**
      **Serve: Lamont Crandell, Sr.**
          **5702 Whichard Road**
          **Stokes, North Carolina 27884**

**and**

**LAMONT CRANDELL, JR.**
      **Serve: Lamont Crandell, Jr.**
          **604 E 18th Street**
          **National City, California 91950**

      **Defendants.**

## COMPLAINT

COMES NOW, the Plaintiff, Jorge Figueroa, by counsel, and moves for judgment, jointly and severally, against Defendants C.H. ROBINSON OPERATIONS, INC.; ROBINSON COMPANY, INC., C.H. d/b/a C.H. ROBINSON TRANSPORTATION COMPANY, INC and also d/b/a ROBINSON FRESH (CI); C.H. ROBINSON COMPANY INC. d/b/a C H ROBINSON WORLDWIDE INC; C.H. ROBINSON INTERNATIONAL INC.; C.H. ROBINSON WORLDWIDE INC.; C.H. ROBINSON COMPANY LLC d/b/a CH ROBINSON WORLDWIDE; AARON COUNCIL d/b/a COUNCIL TRANSPORT; LAMONT CRANDELL, SR.; and LAMONT CRANDELL, JR. (collectively, "Defendants"), in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00) in compensatory damages, together with the cost of this action, and pre-judgment and post-judgment interest from March 9, 2023, on the grounds set forth below:

## PARTIES

1.      Plaintiff Jorge Figueroa is a citizen of the Commonwealth of Virginia and a resident of the City of Norfolk, Virginia.

2.      Defendant C.H. Robinson Operations, Inc. ("Defendant C.H. Operations") is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota. Defendant C.H. Operations has, at all times relevant herein, been authorized to transact, and has been transacting, business in Virginia since January of 2019.

3.      Defendant Robinson Company, Inc., C.H. is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota. Defendant Robinson Company, C.H. has registered to do business as C.H. Robinson Transportation Company, Inc., and separately as Robinson Fresh (CI). Collectively, Defendant Robinson Company, Inc. C.H. along with its fictitious or alternative operating business names are referred to herein as "Defendant Robinson Company." Defendant Robinson has been authorized to transact, and has been transacting, business in Virginia since June of 2000.

4.      Defendant C.H. Robinson Company Inc. ("Defendant C.H., Inc.") is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota. Defendant C.H., Inc. operates across the entire United States and throughout the Commonwealth of Virginia.

5.      Defendant C.H. Robinson International Inc. ("Defendant C.H. International") is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota. Defendant C.H. International operates across the entire United States, including and throughout the Commonwealth of Virginia.

6.      Defendant C.H. Robinson Worldwide Inc. ("Defendant C.H. Worldwide") is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota. Defendant C.H. Worldwide operates across the entire the United States and throughout the Commonwealth of Virginia.

7.      Defendant C.H. Robinson Company LLC ("Defendant C.H., LLC") is a limited liability company incorporated in the state of Delaware, operating since 1969.  Defendant C.H., LLC is an active authorized interstate broker operating across the entire United States and throughout the Commonwealth of Virginia, with its principal address located in Eden Prairie, Minnesota.

8.      Defendant Aaron Council is a registered legal entity with the United States Department of Transportation doing business as Council Transport as an interstate carrier (hereinafter, "Defendant Council"). Defendant Council has a principal place of business in Greensville, North Carolina and provides transportation services throughout the eastern seaboard including in and throughout the Commonwealth of Virginia.

9.      Defendant Lamont Crandall, Jr., was, at the time of the subject incident, a citizen of North Carolina and a resident of Stokes County, North Carolina ("Defendant Crandall, Jr.").

10.      Defendant Lamont Crandall, Sr., is a citizen of North Carolina and a resident of Stokes County, North Carolina ("Defendant Crandall, Sr.").

11.      At all times herein, including at the time of the incident, Defendants C.H. Operations; Robinson Company; C.H., Inc.; C.H. International; C.H. Worldwide; and C.H., LLC (collectively, "CH Robinson Defendants") were business entities collectively joined together in a business enterprise for their mutual benefit; to wit, providing transportation and logistical services to various entities and individuals.  All the C.H. Robinson Defendants, through their shared

leadership and command, shared the profits, losses, control, and management of said joint business venture and all engaged in various activities consistent with said joint venture relationship.

## JURISDICTION & VENUE

12.     This Court has personal jurisdiction over all Defendants, pursuant to Virginia Code § 8.01-328.1(A)(1)-(4), as the cause of action arises from the foreign Defendants' transacting business in Virginia, contracting to supply services or things in Virginia, and by causing tortious injury by an act or omission in Virginia.

13.     This Court has general and specific jurisdiction over Defendants, as they have purposefully directed activities and services towards Virginia and Virginia residents; they have purposefully availed themselves of the privileges of conducting business activities within Virginia through the marketing, sale, and distribution of carrier services, technology and shipping solution services in Virginia and have profited from such activity; and this litigation results from injuries that arose out of those activities.

14.     This Court has general and specific jurisdiction over Defendants by virtue of their general business purpose in Virginia, as well as their purposeful, continuous, systematic contacts with residents and businesses in the Commonwealth of Virginia.

15.     Venue is proper in this Court, pursuant to Virginia Code § 8.01-262(10).

## FACTUAL ALLEGATIONS

16.     Plaintiff adopts and incorporates all previous paragraphs of this Complaint as if fully set forth herein.

17.     For some time prior to March 9, 2023, the C.H. Robinson Defendants contracted or otherwise agreed to provide transportation, delivery, and related logistics services to Stihl, Inc.,

("Stihl") a Virginia stock corporation with its principal place of business located at 536 Viking Drive, Virginia Beach, Virginia 23452.

18.    Stihl's principal business location includes administrative offices, a warehouse, and loading dock accessible to authorized tractor-trailers and interstate carriers for the purpose of loading and unloading equipment, product, and other materials.

19.    For some time prior to March 9, 2023, the C.H. Robinson Defendants oversaw, coordinated, and controlled transportation services used to deliver equipment, products, and other materials to Stihl, as well as the transportation and delivery of equipment, products, and other materials from Stihl to other locations.

20.    In order to achieve this function and meet the requirements of their agreements with Stihl, C.H. Robinson Defendants serviced Stihl but operated separately and distinctly from the business activities of Stihl.

21.    While Stihl was in the trade and business of the design and manufacture of products, C.H. Robinson Defendants were in the business of the unrelated business and trade of transportation services.

22.    In furtherance of the joint venture entered into amongst the C.H. Robinson Defendants, the C.H. Robinson Defendants together, or, in the alternative, independently or in any combination therein, hired, selected, and retained interstate carriers to perform their business of transpiration services under their direction and right of control.

23.    Defendant Council was, at all relevant times, one of the interstate carriers hired, selected, and retained by all C.H. Robinson Defendants together, or, in the alternative, independently or in any combination therein.

24.     With the knowledge and awareness of the C.H. Robinson Defendants, Defendant Council hired and made use of employees or agents to operate a tractor-trailer in furtherance of its agency relationship with C.H. Robinson Defendants.

25.     Defendant Crandall, Jr. or Defendant Crandall, Sr. was an operator of a tractor-trailer selected by Defendant Council with the knowledge and approval of the C.H. Robinson Defendants to perform their business activities.

26.     On March 9, 2023, Defendant Crandall, Jr. or Defendant Crandall, Sr. was operating a tractor displaying the trade name of Defendant Council, namely "Council Transport", and baring the Department of Transportation number (DOT#: 3117141)  associated with Defendant Council.



27.     The tractor operated by Defendant Crandall, Jr. or Defendant Crandall, Sr. on March 9, 2023 was owned by Defendant Council and coupling a trailer. ("Subject Tractor-Trailer").

28.     On March 9, 2023, the Subject Tractor-Trailer was operated by Defendant Crandall, Jr. or Defendant Crandall, Sr. at the Stihl facility in Virginia Beach, Virginia in furtherance of the business activities of Defendant Council and the C.H. Robinson Defendants.

29.     On March 9, 2023, Plaintiff was an employee of Stihl working at the Stihl facility.

30.     At or around 9:30pm on March 9, 2023, either Defendant Crandall Jr. or Defendant Crandall Sr. arrived at the Stihl, Inc. facility and positioned the Subject Tractor-Trailer at the loading dock for the purpose of delivering products and goods to Stihl on behalf of Defendant Council and the C.H. Robinson Defendants.

31.     At that same time and place, pursuant to normal delivery practices and procedures, Plaintiff began to operate a forklift from the loading dock into the parked trailer to transfer the C.H. Robinson Defendants' freight into the Stihl facility.

32.     At that same time and place, while Plaintiff was operating a forklift to unload the C.H. Robinson freight Defendant Crandall Jr. or Defendant Crandall, Sr. suddenly, and without warning, drove the Subject Tractor-Trailer away from the loading dock.

33.     At the same time, Plaintiff's forklift was positioned midway between the loading dock and the rear cargo area of Subject Tractor-Trailer, facing into the back of the tractor trailer.

34.     It was then that the forklift immediately tilted forward and crashed into the back of the tractor trailer. Moments later, as Defendant continued to drive the tractor trailer away from the loading dock, the rear end of the forklift slid off the dock and the entire vehicle slammed into the ground.

35.     Plaintiff suffered severe and permanent injuries, as well as lost wages and employment benefits, as a result of this incident.

**COUNT I | NEGLIGENCE**

*Plaintiff v. All Defendants*

36.     Plaintiff adopts and incorporates all previous paragraphs of this Complaint as if fully set forth herein.

37.     At all relevant times, Defendant Crandall Jr., or, alternatively, Defendant Crandall Sr., owed Plaintiff and others a duty to operate his tractor-trailer with reasonable care and to keep proper lookout of his surroundings, particularly during the delivery process.

38.     Defendant Crandall Jr., or, alternatively, Defendant Crandall Sr., acting individually and in his capacity as an employee and agent of the C.H. Robinson Defendants and Defendant Council negligently breached his duties of care to Plaintiff.

39.     Defendant Crandall Jr., or, alternatively, Defendant Crandall Sr., was an employee and/or agent of Defendants C.H. Operations; Robinson Company; C.H., Inc.; C.H. International; C.H. Worldwide; C.H., LLC; and/or Council Transport acting within the course and scope of his agency and/or employment at the time of his negligent acts.

40.     Defendants C.H. Operations; Robinson Company; C.H., Inc.; C.H. International; C.H. Worldwide; C.H., LLC; and/or Council Transport owned and/or directed and controlled the use of the vehicle driven by Defendant Crandall Jr. or Sr. at the time of the incident alleged herein.

41.     Defendants C.H. Operations; Robinson Company; C.H., Inc.; C.H. International; C.H. Worldwide; C.H., LLC; and/or Council Transport are vicariously liable to the Plaintiff through the doctrine of *respondeat superior*.

42.     As a direct and proximate result of the aforementioned negligence and Plaintiff incurred the following damages,

      a.   Past, present, and future bodily injuries;

      b.   Past, present, and future physical pain;

c.   Past, present, and future medical expenses;

d.   Past, present, and future mental anguish;

e.   Past, present, and future inconvenience;

f.   Past, present, and future personal and social limitations;

g.   Past, present, and future financial limitations,

h.   Past, present, and future lost earnings and lessening of earning capacity;

i.   Past, present, and future humiliation and embarrassment; and

**j.**   Other damages allowable by law.

WHEREFORE, Plaintiff respectfully moves this Honorable Court for judgement against Defendants C.H. Robinson Operations, Inc.; Robinson Company, Inc., C.H. d/b/a C.H. Robinson Transportation Company, Inc. and d/b/a Robinson Fresh (CI); C.H. Robinson Company Inc. d/b/a C H Robinson Worldwide Inc.; C.H. Robinson International Inc.; C.H. Robinson Worldwide Inc.; C.H. Robinson Company LLC d/b/a CH Robinson Worldwide; Aaron Council d/b/a Council Transport; Lamont Crandall, Sr.; and Lamont Crandall, Jr., jointly and severally, in the amount of FIFTEEN MILLION DOLLARS ($15,000,000.00) in compensatory damages, the cost of this action, pre-judgment interest, post-judgement interest, and for other such relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

**Respectfully yours,
JORGE FIGUEROA,
Plaintiff.**

Dated: February 28, 2025

Kevin Biniazan | VSB No. 92109

Alexis Bale | VSB No. 100318
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Phone | 757.622.6000
Fax | 757.299.8028
Email | kevin@bbtrial.com
Email | abale@bbtrial.com

*Counsel for Plaintiff*

**V I R G I N I A:**

### IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

**JORGE FIGUEROA,**
      **Plaintiff,**

**v.**                                                         **Case No. CL25001672-00**

**C.H. ROBINSON OPERATIONS, INC.;**
**ROBINSON COMPANY INC., C.H.;**
**C.H. ROBINSON COMPANY INC.;**
**C.H. ROBINSON INTERNATIONAL, INC.;**
**C.H. ROBINSON WORLDWIDE, INC.;**
**C.H. ROBINSON COMPANY LLC;**
**AARON COUNCIL;**
**LAMONT CRANDELL, SR.; and**
**LAMONT CRANDELL, JR.**
      **Defendants.**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT C.H. OPERATIONS

      COMES NOW Plaintiff with his First Set of Interrogatories to Defendant C.H. Robinson

Operations, Inc.

### INSTRUCTIONS

A.  Please produce documents electronically with Bates numbers (or some other organizational

    labeling) that does not interfere with the legibility or use of the materials and in a manner that

    corresponds with specific Bates ranges identified in response to each discovery request. See

    Rule 4:9 (b) (iii) (regarding organization of document production); Rule 4:8 (option to produce

    business records).

B.  Unless otherwise stated, these discovery requests refer to the time, place, and circumstances

    pleaded in the Complaint.

## DEFINITIONS

C. Unless otherwise provided, these discovery requests and words used therein are to be interpreted using their ordinary, common-sense meaning.

D. "Document," "communication," "information," or similar words mean any medium, whether tangible or intangible, for recording, retrieving, or exchanging information. "Documents" include "communications" or other "information."

E. "Identify," "describe," "detail," "state," or similar words require that each discoverable fact be communicated with particularity.

F. "Identify," "describe," "detail," "state," or similar words, when used in reference to a document, mean to state the type of document, its date, author, present location or custodian, or other identifying information. If a responsive document is no longer in your possession, custody, or control, please state what happened to it.

G. "Identify," "describe," "detail," "state," or similar words, when used in reference to a person, mean to state the person's full name, last known address, last known telephone number, job title and/or business affiliation at the time of the subject incident, and (if different) last known job title and/or business affiliation.

H. "Identify," "describe," "detail," "state," or similar words, when used in reference to an entity, mean to state the entity's full name, address, and telephone number.

I. "Person" means any natural person or entity.

J. "Relating to" or similar phrases mean containing, mentioning, discussing, summarizing, or referencing.

K. "You" means the party or parties to whom these requests are addressed and its agents.

L. "Subject Action" or similar words mean the lawsuit commenced by the filing of Plaintiff's Complaint.

M. "Subject Incident" or similar words mean the incident alleged in Plaintiff's Complaint.

N. "Vehicle" or "Truck" refers to the truck involved in the Subject Incident.

O. "Defendant CH Operations" refers to Defendant C.H. Robinson Operations, Inc.

P. "Defendant Robinson Company" refers to Defendant Robinson Company Inc., C.H.

Q. "Defendant CH Inc." refers to Defendant C.H. Robinson Company, Inc.

R. "Defendant CH International" refers to Defendant C.H. Robinson International, Inc.

S. "Defendant CH Worldwide" refers to Defendant C.H. Robinson Worldwide, Inc.

T. "Defendant CH LLC" refers to Defendant C.H. Robinson Company LLC.

U. "Defendant Council" refers to Defendant Aaron Council.

V. "Defendant Crandell Sr" refers to Defendant Lamont Crandell, Sr.

W. "Defendant Crandell Jr." refers to Defendant Lamont Crandell, Jr.

X. "C.H. Defendants" refers to C.H. Robinson Operations, Inc.; Robinson Company Inc., C.H. d/b/a C.H. Robinson Transportation Co., Inc., and d/b/a Robinson Fresh (CI); C.H. Robinson Company Inc. d/b/a C H Robinson Worldwide Inc.; C.H. Robinson International, Inc.; C.H. Robinson Worldwide, Inc.; and C.H. Robinson Company LLC d/b/a Ch Robinson Worldwide.

## INTERROGATORIES

1. Identify the names, addresses (home and business), telephone numbers (home and business), and dates of birth of all persons who contributed to answering these Interrogatories.

   **ANSWER:**

2. Identify whether your name is properly stated within the Complaint. If not, please state the correct way you could be designated as a party defendant in an action at law at the time of the Incident.

   **ANSWER:**

3. Identify the legal entity and status of the entity responding to these Interrogatories, the state of incorporation or formation, the identities of officers, directors, general partners, and/or limited partners.

   **ANSWER:**

4. Identify your corporate structure, to include the entity's departments and scope of duties of each department.

   **ANSWER:**

5. Identify the names, addresses (home and business), telephone numbers (home and business), and dates of birth of all persons who may have knowledge of discoverable matters, facts, statements, or information relevant to the subject incident, subject action, or Plaintiff's discovery requests (including persons with whom you have spoken regarding the subject incident; persons who have been involved with interviews regarding the subject incident; eyewitnesses; or people claiming to be eyewitnesses).

   **ANSWER:**

6. Provide a brief summary of facts or a category of facts (ex., "arrived at the scene" or "damages") known by each individual identified in response to Interrogatory No. 5.

   **ANSWER:**

7. Identify the names, addresses (home and business), telephone numbers (home and business), and dates of birth of all persons to whom you, your agents, or your employees have given statements regarding the Incident and the substance of each statement. Include the identity of the person who gave the statement, the identity of the person(s) to whom the statement was given or who were present for the statement, when and where the statement was given, and the identity of the present custodian of the statement.

   **ANSWER:**

8. Describe all interviews or investigations into the subject incident (internal or external). Include the identity of persons who conducted interviews or investigations into the subject incident (ex. medical experts, private investigators, or insurance adjusters), the identity of persons who were interviewed or involved in the investigation, the identify of person who gave statements during the interview or investigation, when and where the interviews or investigations were conducted, the identity of the present custodian of all records regarding all interviews or investigations, and the factual findings of such interviews or investigation.

   **ANSWER:**

9. Identify all photographs, videos, or other imaging of Plaintiff, the scene of the subject incident, or other locations or objects related to the subject incident in your possession, custody, or

control. Include the identity of the person who took the imaging, when and where the imaging was taken, and the identity of the present custodian of the imaging.

**ANSWER:**

10. Describe how you contend the Incident occurred in as much factual detail as possible, including any reasons you contend you are not liable to Plaintiff for the subject incident or for Plaintiff's damages. Include the identity of persons you believe caused or contributed to the subject incident.

**ANSWER:**

11. Identify all expert witnesses you expect to call or anticipate will testify at trial. Include the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each of the opinion to which the expert is expected to testify.

**ANSWER:**

12. Identify all insurance policies that may afford you coverage related to the subject incident and subject action (including all policies insuring vehicles you owned, operated, or controlled at the time of the subject incident; all policies under which you may be an additional insured; and all excess "umbrella" or other policies that may afford insurance coverage to you at the time of the accident). Include the identity of the insured, the name of insurance company, the policy number, the policy period, the number of vehicles covered (if applicable), and the policy limits for personal injuries and property damages.

**ANSWER:**

13. Describe the scope and nature of the relationship, contractual or otherwise, between yourself and the other C.H. Robinson Defendants.

    **ANSWER:**

14. Describe the scope and the nature of the relationship, contractual or otherwise, you have or had with Defendant Council.

    **ANSWER:**

15. Describe the scope and the nature of the relationship, contractual or otherwise, you have or had with Defendant Crandell Sr. and/or Defendant Crandell Jr.

    **ANSWER:**

16. Describe the scope and the nature of the relationship, contractual or otherwise, you have or had with Stihl, Inc., including, but not limited to, the specific relationship with the Virginia Beach facility involved in the subject incident.

    **ANSWER:**

17. Identify and describe the specific role of C.H. Robinson Operations, Inc. with respect to C.H. Robinson's business as whole and/or with respect to all other C.H. Robinson Defendants.

    **ANSWER:**

18. Describe all training or certifications you required or suggested your employees complete as it relates to driving or operating any trucks or other vehicles on behalf of C.H. Robinson Operations, Inc.

**ANSWER:**

19. Describe all training or certifications you required or suggested Defendant Crandell Jr. and/or Defendant Crandell Sr. complete as it relates to driving or operating any trucks or other vehicles on behalf of C.H. Robinson Operations, Inc.  Include what, if any, requirements Defendant Crandell Jr. and/or Defendant Crandall Sr. had to meet prior to being hired or otherwise commencing a working relationship, such as drug testing, background checks, interviews, driving tests, certifications, or licenses.

**ANSWER:**

20. State whether any equipment on the Truck was defective or inoperative at the time of this incident, and, if so, state how long the equipment was defective or inoperative, the nature of the defective or inoperative equipment, who was notified of the defective or inoperative equipment, when such person was notified of the defective or inoperative equipment, whether such defective or inoperative equipment contributed in any way to the occurrence of this Incident, whether the defective or inoperative equipment has been repaired, by whom it has been repaired, and the date(s) and place(s) the repair was undertaken and completed.

**ANSWER:**

21. Identify all shippers, brokers, corporations, companies, or any other entities to or from whom you were delivering at the time of the subject incident.

**ANSWER:**

<br>

**Respectfully yours,**
**JORGE FIGUEROA,**
**Plaintiff**

Dated: <u>May 15, 2025</u>

Alexis Bale | VSB No. 100318
Kevin Biniazan | VSB No. 92109
Lauren A. Martin | VSB No. 93653
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
Phone | 757.622.6000
Fax | 757.299.8028
Email | abale@bbtrial.com
Email | kevin@bbtrial.com
Email | lmartin@bbtrial.com

*Counsel for Plaintiff*

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK**

**JORGE FIGUEROA,**
     **Plaintiff,**

**v.**                                                                 **Case No. CL25001672-00**

**C.H. ROBINSON OPERATIONS, INC.;**
**ROBINSON COMPANY INC., C.H.;**
**C.H. ROBINSON COMPANY INC.;**
**C.H. ROBINSON INTERNATIONAL, INC.;**
**C.H. ROBINSON WORLDWIDE, INC.;**
**C.H. ROBINSON COMPANY LLC;**
**AARON COUNCIL;**
**LAMONT CRANDELL, SR.; and**
**LAMONT CRANDELL, JR.**
     **Defendants.**

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT C.H. OPERATIONS**

     COMES NOW Plaintiff with his First Set of Requests for Production to Defendant C.H.

Robinson Operations, Inc.

**INSTRUCTIONS**

A.  Please produce documents electronically with Bates numbers (or some other organizational

    labeling) that does not interfere with the legibility or use of the materials and in a manner that

    corresponds with specific Bates ranges identified in response to each discovery request. See

    Rule 4:9 (b) (iii) (regarding organization of document production); Rule 4:8 (option to produce

    business records).

B.  Unless otherwise stated, these discovery requests refer to the time, place, and circumstances

    pleaded in the Complaint.

## DEFINITIONS

C. Unless otherwise provided, these discovery requests and words used therein are to be interpreted using their ordinary, common-sense meaning.

D. "Document," "communication," "information," or similar words mean any medium, whether tangible or intangible, for recording, retrieving, or exchanging information. "Documents" include "communications" or other "information."

E. "Identify," "describe," "detail," "state," or similar words require that each discoverable fact be communicated with particularity.

F. "Identify," "describe," "detail," "state," or similar words, when used in reference to a document, mean to state the type of document, its date, author, present location or custodian, or other identifying information. If a responsive document is no longer in your possession, custody, or control, please state what happened to it.

G. "Identify," "describe," "detail," "state," or similar words, when used in reference to a person, mean to state the person's full name, last known address, last known telephone number, job title and/or business affiliation at the time of the subject incident, and (if different) last known job title and/or business affiliation.

H. "Identify," "describe," "detail," "state," or similar words, when used in reference to an entity, mean to state the entity's full name, address, and telephone number.

I. "Person" means any natural person or entity.

J. "Relating to" or similar phrases mean containing, mentioning, discussing, summarizing, or referencing.

K. "You" means the party or parties to whom these requests are addressed and its agents.

L.  "Subject Action" or similar words mean the lawsuit commenced by the filing of Plaintiff's Complaint.

M.  "Subject Incident" or similar words mean the incident alleged in Plaintiff's Complaint.

N.  "Vehicle" or "Truck" refers to the truck involved in the Subject Incident.

O.  "Defendant C.H. Operations" refers to Defendant C.H. Robinson Operations, Inc.

P.  "Defendant Robinson Company" refers to Defendant Robinson Company Inc., C.H.

Q.  "Defendant C.H. Inc." refers to Defendant C.H. Robinson Company, Inc.

R.  "Defendant C.H. International" refers to Defendant C.H. Robinson International, Inc.

S.  "Defendant C.H. Worldwide" refers to Defendant C.H. Robinson Worldwide, Inc.

T.  "Defendant C.H. LLC" refers to Defendant C.H. Robinson Company LLC.

U.  "Defendant Council" refers to Defendant Aaron Council.

V.  "Defendant Crandell Sr" refers to Defendant Lamont Crandell, Sr.

W. "Defendant Crandell Jr." refers to Defendant Lamont Crandell, Jr.

X.  "C.H. Defendants" refers to C.H. Robinson Operations, Inc.; Robinson Company Inc., C.H. d/b/a C.H. Robinson Transportation Co., Inc., and d/b/a Robinson Fresh (CI); C.H. Robinson Company Inc. d/b/a C H Robinson Worldwide Inc.; C.H. Robinson International, Inc.; C.H. Robinson Worldwide, Inc.; and C.H. Robinson Company LLC d/b/a Ch Robinson Worldwide.

## REQUESTS FOR PRODUCTION

1.  All documents reviewed, referenced, or relied upon when answering discovery requests in the subject action (including documents referencing witness or party statements, investigative reports, photographs, etcetera).

**RESPONSE:**

2.  All documents reviewed, referenced, or relied upon when answering Plaintiff's Complaint in

the subject action.

**RESPONSE:**

3. All documents you may rely upon at deposition, hearing, or trial in the subject action.

   **RESPONSE:**

4. A complete copy of Defendant Crandell Sr. and/or Defendant Crandell Jr.'s employment record and/or personnel file.

   **RESPONSE:**

5. All documents related to the hiring, training, and retention of Defendant Crandell Sr. and/or Defendant Crandell Jr.

   **RESPONSE:**

6. Any and all blood and/or drug tests, and the results thereof, performed on Defendant Crandell Sr. and/or Defendant Crandell Jr. after the occurrence of the Incident out of which this action arises.

   **RESPONSE:**

7. Any and all employee handbooks provided to Defendant Crandell Sr. and/or Defendant Crandell Jr. upon or after his or their hiring.

   **RESPONSE:**

8. Any and all other policies, procedures, or manuals you, your employees, and/or your agents use or provide to manage persons involved in driving, shipping, and/or transporting goods.

**RESPONSE:**

9. All documents relating to the hiring, training, and retention process for drivers, shippers, and transporters, including, but not limited to, bids, proposals, evaluations, and qualifications.

    **RESPONSE:**

10. All documents relating to any agreements between you, your employees, or your agents and any person or entity to, from, or with whom you were driving, shipping, and/or transporting goods at the time of the subject incident, including shipper-carrier agreements, shipping agreements, carrier agreements, brokerage agreements, and other similar documents.

    **RESPONSE:**

11. All documents relating to bills of lading, purchase orders, and/or other similar documents relating to the subject incident and/or to or for whom you were delivering at the time of the subject incident.

    **RESPONSE:**

12. To the extent not previously produced, any and all other documents related to any relationship, contractual or otherwise, you have with Defendant Crandell Sr. and/or Defendant Crandell Jr.

    **RESPONSE:**

13. To the extent not previously produced, any and all other documents related to any relationship, contractual or otherwise, you have with Defendant Council.

**RESPONSE:**

14. To the extent not previously produced, any and all other documents related to any relationship, contractual or otherwise, you have with Stihl, Inc., including, but not limited to, any relationship with their Virginia Beach facility involved in the subject incident.

    **RESPONSE:**

15. Any contracts, agreements, or other documents related to the scope and nature of the relationship that C.H. Operations had or has with the other C.H. Robinson Defendants, as described in your response to Interrogatory No. 13, insofar as such documents pertain to C.H. Operations potential for liability for the subject incident.

    **RESPONSE:**

16. To the extent not previously produced, any and all other contracts, agreements, or other documents related to C.H. Operations' role, as identified in response to Interrogatory No. 17, with respect to C.H. Robinson's business as a whole and/or with respect to the other C.H. Robinson Defendants.

    **RESPONSE:**

17. Every photograph, model, or other tangible item of evidence in any relating to the Incident, including, but not limited to, the Plaintiff, Plaintiff's injuries, the scene of the Incident, and the vehicle(s) and/or forklift(s) involved in the Incident.

    **RESPONSE:**

18. Any photographs, videos, audio recordings, or other tangible items of evidence relating to the subject incident which were created or produced through the use of recording devices on the inside or outside of the Truck involved in the subject incident (i.e., dashboard cameras).

**RESPONSE:**

19. Every insurance policy identified in your answers to Interrogatories in its entirety.

**RESPONSE:**

20. All documents prepared during the regular course of business or in your daily affairs as a result of the subject incident or subject action, including, but not limited to, incident reports, state government filings, and/or OSHA filings.

**RESPONSE:**

21. Every document or other tangible item of any nature whatsoever, relating to the inspection, maintenance, and/or repair of the Vehicle referenced in your answer to Interrogatory No. 20.

**RESPONSE:**

22. A copy of the title and registration to the vehicle(s)/truck(s) involved in the subject incident.

**RESPONSE:**

23. All documents obtained pursuant to any document request related to the subject incident or subject action (including documents obtained pursuant to subpoena *duces tecum* or Freedom of Information Act). This does not include documents produced to Defendants by Plaintiff in

the subject action.

**RESPONSE:**

24. All documents providing factual support to any claim or defense to the subject incident or subject action or that you reviewed, referenced, or relied upon while asserting any defense to Plaintiff's Complaint (including general defenses, affirmative defenses, please in bar, or motions to dismiss).

**RESPONSE:**

25. All non-privileged documents produced as a result of any interview or investigation into the subject incident (internal or external).

**RESPONSE:**

26. To the extent not previously produced, all documents referencing, identifying, or containing statements made relating to the subject incident, including any documents containing statements made by Plaintiff.

**RESPONSE:**

27. All curriculum vitae of expert witnesses you expect to call at trial in the subject action.

**RESPONSE:**

28. All reports of expert witnesses you expect to call at trial in the subject action.

**RESPONSE:**

29. All documents upon which experts you expect to call at trial based their opinions and reports in the subject action.

**RESPONSE:**

30. All documents upon which experts you expect to call at trial reviewed, referenced, or relied upon when writing his/her report or making his/her opinions in the subject action.

    **RESPONSE:**

31. All documents exchanged between experts you expect to call at trial and anyone relating to the subject incident or subject action.

    **RESPONSE:**

32. All publications authored by experts you expect to call at trial relating to the subject incident or subject action.

    **RESPONSE:**

33. All social media posts or messages relating to the subject incident or subject action.

    **RESPONSE:**


                                        **Respectfully yours,**
                                        **JORGE FIGUEROA,**
                                        **Plaintiff**


Dated: May 15, 2025
                                        _____
                                        Alexis Bale | VSB No. 100318
                                        Kevin Biniazan | VSB No. 92109
                                        Lauren A. Martin | VSB No. 93653
                                        BREIT BINIAZAN, PC
                                        Towne Pavilion Center II
                                        600 22nd Street, Suite 402
                                        Virginia Beach, VA 23451

Phone | 757.622.6000
Fax | 757.299.8028
Email | abale@bbtrial.com
Email | kevin@bbtrial.com
Email | lmartin@bbtrial.com

*Counsel for Plaintiff*

# COMMONWEALTH OF VIRGINIA



NORFOLK CIRCUIT COURT
Civil Division
150 ST. PAUL'S BLVD 7TH FLOOR
NORFOLK VA 23510
(757) 389-8942

Summons

To: ROBINSON COMPANY INC C.H.
CORPORATION SERVICE CO
100 SHOCKOE SLIP, 2ND FLOOR
RICHMOND VA 23219

Case No. 710CL25001672-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, May 20, 2025

Clerk of Court: GEORGE E. SCHAEFER III

by _Hollie Hubbard_
                                    (CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:

**V I R G I N I A:**

### IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

**JORGE FIGUEROA,**
      **Plaintiff,**

**v.**                                      **JURY TRIAL DEMANDED**

**C.H. ROBINSON OPERATIONS, INC.;**
      **Serve: Corporation Service Company**
            **100 Shockoe Slip, 2nd Fl.**
            **Richmond, VA 23219**

**ROBINSON COMPANY INC., C.H.**
**d/b/a C.H. ROBINSON TRANSPORTATION CO., INC.,**
**and d/b/a ROBINSON FRESH (CI);**
      **Serve: Corporation Service Company**
            **100 Shockoe Slip, 2nd Fl.**
            **Richmond, VA 23219**

**C.H. ROBINSON COMPANY INC.**
**d/b/a C H ROBINSON WORLDWIDE INC.;**
      **Serve: Corporation Service Company**
            **2780 Snelling Avenue N.**
            **Suite 101**
            **Roseville, MN 55113**

**C.H. ROBINSON INTERNATIONAL, INC.;**
      **Serve: Corporation Service Company**
            **2780 Snelling Avenue N.**
            **Suite 101**
            **Roseville, MN 55113**

**C.H. ROBINSON WORLDWIDE, INC.;**
      **Serve: Corporation Service Company**
            **2780 Snelling Avenue N.**
            **Suite 101**
            **Roseville, MN 55113**

**C.H. ROBINSON COMPANY LLC**
**d/b/a CH ROBINSON WORLDWIDE;**
      **Serve: Corporation Service Company**
            **251 Little Falls Drive**
            **Wilmington, DE 19808**

**AARON COUNCIL**
**d/b/a COUNCIL TRANSPORT;**
    **Serve: Virginia DMV**
        **Attn: Customer Records Work Center**
        **2300 West Broad Street**
        **Richmond, VA 23269**


**LAMONT CRANDELL, SR.**
    **Serve: Lamont Crandell, Sr.**
        **5702 Whichard Road**
        **Stokes, North Carolina 27884**

**and**

**LAMONT CRANDELL, JR.**
    **Serve: Lamont Crandell, Jr.**
        **604 E 18th Street**
        **National City, California 91950**

    **Defendants.**

## COMPLAINT

COMES NOW, the Plaintiff, Jorge Figueroa, by counsel, and moves for judgment, jointly and severally, against Defendants C.H. ROBINSON OPERATIONS, INC.; ROBINSON COMPANY, INC., C.H. d/b/a C.H. ROBINSON TRANSPORTATION COMPANY, INC and also d/b/a ROBINSON FRESH (CI); C.H. ROBINSON COMPANY INC. d/b/a C H ROBINSON WORLDWIDE INC; C.H. ROBINSON INTERNATIONAL INC.; C.H. ROBINSON WORLDWIDE INC.; C.H. ROBINSON COMPANY LLC d/b/a CH ROBINSON WORLDWIDE; AARON COUNCIL d/b/a COUNCIL TRANSPORT; LAMONT CRANDELL, SR.; and LAMONT CRANDELL, JR. (collectively, "Defendants"), in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00) in compensatory damages, together with the cost of this action, and pre-judgment and post-judgment interest from March 9, 2023, on the grounds set forth below:

**PARTIES**

1.       Plaintiff Jorge Figueroa is a citizen of the Commonwealth of Virginia and a resident of the City of Norfolk, Virginia.

2.       Defendant C.H. Robinson Operations, Inc. ("Defendant C.H. Operations") is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota.  Defendant C.H. Operations has, at all times relevant herein, been authorized to transact, and has been transacting, business in Virginia since January of 2019.

3.       Defendant Robinson Company, Inc., C.H. is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota. Defendant Robinson Company, C.H. has registered to do business as C.H. Robinson Transportation Company, Inc., and separately as Robinson Fresh (CI). Collectively, Defendant Robinson Company, Inc. C.H. along with its fictitious or alternative operating business names are referred to herein as "Defendant Robinson Company." Defendant Robinson has been authorized to transact, and has been transacting, business in Virginia since June of 2000.

4.       Defendant C.H. Robinson Company Inc. ("Defendant C.H., Inc.") is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota.  Defendant C.H., Inc. operates across the entire United States and throughout the Commonwealth of Virginia.

5.       Defendant C.H. Robinson International Inc. ("Defendant C.H. International") is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota. Defendant C.H. International operates across the entire United States, including and throughout the Commonwealth of Virginia.

Page **3** of 11

6.      Defendant C.H. Robinson Worldwide Inc. ("Defendant C.H. Worldwide") is a stock corporation incorporated in Minnesota with its principal place of business located in Eden Prairie, Minnesota. Defendant C.H. Worldwide operates across the entire the United States and throughout the Commonwealth of Virginia.

7.      Defendant C.H. Robinson Company LLC ("Defendant C.H., LLC") is a limited liability company incorporated in the state of Delaware, operating since 1969. Defendant C.H., LLC is an active authorized interstate broker operating across the entire United States and throughout the Commonwealth of Virginia, with its principal address located in Eden Prairie, Minnesota.

8.      Defendant Aaron Council is a registered legal entity with the United States Department of Transportation doing business as Council Transport as an interstate carrier (hereinafter, "Defendant Council"). Defendant Council has a principal place of business in Greensville, North Carolina and provides transportation services throughout the eastern seaboard including in and throughout the Commonwealth of Virginia.

9.      Defendant Lamont Crandall, Jr., was, at the time of the subject incident, a citizen of North Carolina and a resident of Stokes County, North Carolina ("Defendant Crandall, Jr.").

10.     Defendant Lamont Crandall, Sr., is a citizen of North Carolina and a resident of Stokes County, North Carolina ("Defendant Crandall, Sr.").

11.     At all times herein, including at the time of the incident, Defendants C.H. Operations; Robinson Company; C.H., Inc.; C.H. International; C.H. Worldwide; and C.H., LLC (collectively, "CH Robinson Defendants") were business entities collectively joined together in a business enterprise for their mutual benefit; to wit, providing transportation and logistical services to various entities and individuals. All the C.H. Robinson Defendants, through their shared

leadership and command, shared the profits, losses, control, and management of said joint business venture and all engaged in various activities consistent with said joint venture relationship.

## JURISDICTION & VENUE

12.    This Court has personal jurisdiction over all Defendants, pursuant to Virginia Code § 8.01-328.1(A)(1)-(4), as the cause of action arises from the foreign Defendants' transacting business in Virginia, contracting to supply services or things in Virginia, and by causing tortious injury by an act or omission in Virginia.

13.    This Court has general and specific jurisdiction over Defendants, as they have purposefully directed activities and services towards Virginia and Virginia residents; they have purposefully availed themselves of the privileges of conducting business activities within Virginia through the marketing, sale, and distribution of carrier services, technology and shipping solution services in Virginia and have profited from such activity; and this litigation results from injuries that arose out of those activities.

14.    This Court has general and specific jurisdiction over Defendants by virtue of their general business purpose in Virginia, as well as their purposeful, continuous, systematic contacts with residents and businesses in the Commonwealth of Virginia.

15.    Venue is proper in this Court, pursuant to Virginia Code § 8.01-262(10).

## FACTUAL ALLEGATIONS

16.    Plaintiff adopts and incorporates all previous paragraphs of this Complaint as if fully set forth herein.

17.    For some time prior to March 9, 2023, the C.H. Robinson Defendants contracted or otherwise agreed to provide transportation, delivery, and related logistics services to Stihl, Inc.,

("Stihl") a Virginia stock corporation with its principal place of business located at 536 Viking Drive, Virginia Beach, Virginia 23452.

18.    Stihl's principal business location includes administrative offices, a warehouse, and loading dock accessible to authorized tractor-trailers and interstate carriers for the purpose of loading and unloading equipment, product, and other materials.

19.    For some time prior to March 9, 2023, the C.H. Robinson Defendants oversaw, coordinated, and controlled transportation services used to deliver equipment, products, and other materials to Stihl, as well as the transportation and delivery of equipment, products, and other materials from Stihl to other locations.

20.    In order to achieve this function and meet the requirements of their agreements with Stihl, C.H. Robinson Defendants serviced Stihl but operated separately and distinctly from the business activities of Stihl.

21.    While Stihl was in the trade and business of the design and manufacture of products, C.H. Robinson Defendants were in the business of the unrelated business and trade of transportation services.

22.    In furtherance of the joint venture entered into amongst the C.H. Robinson Defendants, the C.H. Robinson Defendants together, or, in the alternative, independently or in any combination therein, hired, selected, and retained interstate carriers to perform their business of transpiration services under their direction and right of control.

23.    Defendant Council was, at all relevant times, one of the interstate carriers hired, selected, and retained by all C.H. Robinson Defendants together, or, in the alternative, independently or in any combination therein.

24.    With the knowledge and awareness of the C.H. Robinson Defendants, Defendant Council hired and made use of employees or agents to operate a tractor-trailer in furtherance of its agency relationship with C.H. Robinson Defendants.

25.    Defendant Crandall, Jr. or Defendant Crandall, Sr. was an operator of a tractor-trailer selected by Defendant Council with the knowledge and approval of the C.H. Robinson Defendants to perform their business activities.

26.    On March 9, 2023, Defendant Crandall, Jr. or Defendant Crandall, Sr. was operating a tractor displaying the trade name of Defendant Council, namely "Council Transport", and baring the Department of Transportation number (DOT#: 3117141)  associated with Defendant Council.



27.    The tractor operated by Defendant Crandall, Jr. or Defendant Crandall, Sr. on March 9, 2023 was owned by Defendant Council and coupling a trailer. ("Subject Tractor-Trailer").

28.     On March 9, 2023, the Subject Tractor-Trailer was operated by Defendant Crandall, Jr. or Defendant Crandall, Sr. at the Stihl facility in Virginia Beach, Virginia in furtherance of the business activities of Defendant Council and the C.H. Robinson Defendants.

29.     On March 9, 2023, Plaintiff was an employee of Stihl working at the Stihl facility.

30.     At or around 9:30pm on March 9, 2023, either Defendant Crandall Jr. or Defendant Crandall Sr. arrived at the Stihl, Inc. facility and positioned the Subject Tractor-Trailer at the loading dock for the purpose of delivering products and goods to Stihl on behalf of Defendant Council and the C.H. Robinson Defendants.

31.     At that same time and place, pursuant to normal delivery practices and procedures, Plaintiff began to operate a forklift from the loading dock into the parked trailer to transfer the C.H. Robinson Defendants' freight into the Stihl facility.

32.     At that same time and place, while Plaintiff was operating a forklift to unload the C.H. Robinson freight Defendant Crandall Jr. or Defendant Crandall, Sr. suddenly, and without warning, drove the Subject Tractor-Trailer away from the loading dock.

33.     At the same time, Plaintiff's forklift was positioned midway between the loading dock and the rear cargo area of Subject Tractor-Trailer, facing into the back of the tractor trailer.

34.     It was then that the forklift immediately tilted forward and crashed into the back of the tractor trailer. Moments later, as Defendant continued to drive the tractor trailer away from the loading dock, the rear end of the forklift slid off the dock and the entire vehicle slammed into the ground.

35.     Plaintiff suffered severe and permanent injuries, as well as lost wages and employment benefits, as a result of this incident.

**COUNT I | NEGLIGENCE**

*Plaintiff v. All Defendants*

36.    Plaintiff adopts and incorporates all previous paragraphs of this Complaint as if fully set forth herein.

37.    At all relevant times, Defendant Crandall Jr., or, alternatively, Defendant Crandall Sr., owed Plaintiff and others a duty to operate his tractor-trailer with reasonable care and to keep proper lookout of his surroundings, particularly during the delivery process.

38.    Defendant Crandall Jr., or, alternatively, Defendant Crandall Sr., acting individually and in his capacity as an employee and agent of the C.H. Robinson Defendants and Defendant Council negligently breached his duties of care to Plaintiff.

39.    Defendant Crandall Jr., or, alternatively, Defendant Crandall Sr., was an employee and/or agent of Defendants C.H. Operations; Robinson Company; C.H., Inc.; C.H. International; C.H. Worldwide; C.H., LLC; and/or Council Transport acting within the course and scope of his agency and/or employment at the time of his negligent acts.

40.    Defendants C.H. Operations; Robinson Company; C.H., Inc.; C.H. International; C.H. Worldwide; C.H., LLC; and/or Council Transport owned and/or directed and controlled the use of the vehicle driven by Defendant Crandall Jr. or Sr. at the time of the incident alleged herein.

41.    Defendants C.H. Operations; Robinson Company; C.H., Inc.; C.H. International; C.H. Worldwide; C.H., LLC; and/or Council Transport are vicariously liable to the Plaintiff through the doctrine of *respondeat superior.*

42.    As a direct and proximate result of the aforementioned negligence and Plaintiff incurred the following damages,

    a.  Past, present, and future bodily injuries;

    b.  Past, present, and future physical pain;

c.  Past, present, and future medical expenses;

d.  Past, present, and future mental anguish;

e.  Past, present, and future inconvenience;

f.  Past, present, and future personal and social limitations;

g.  Past, present, and future financial limitations,

h.  Past, present, and future lost earnings and lessening of earning capacity;

i.  Past, present, and future humiliation and embarrassment; and

**j.**  Other damages allowable by law.

WHEREFORE, Plaintiff respectfully moves this Honorable Court for judgement against Defendants C.H. Robinson Operations, Inc.; Robinson Company, Inc., C.H. d/b/a C.H. Robinson Transportation Company, Inc. and d/b/a Robinson Fresh (CI); C.H. Robinson Company Inc. d/b/a C H Robinson Worldwide Inc.; C.H. Robinson International Inc.; C.H. Robinson Worldwide Inc.; C.H. Robinson Company LLC d/b/a CH Robinson Worldwide; Aaron Council d/b/a Council Transport; Lamont Crandall, Sr.; and Lamont Crandall, Jr., jointly and severally, in the amount of FIFTEEN MILLION DOLLARS ($15,000,000.00) in compensatory damages, the cost of this action, pre-judgment interest, post-judgement interest, and for other such relief this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a jury trial on all issues.

**Respectfully yours,**
**JORGE FIGUEROA,**
**Plaintiff.**

Dated: February 28, 2025

Kevin Biniazan | VSB No. 92109

Alexis Bale | VSB No. 100318
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Phone | 757.622.6000
Fax | 757.299.8028
Email | kevin@bbtrial.com
Email | abale@bbtrial.com

*Counsel for Plaintiff*

**V I R G I N I A:**

IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

**JORGE FIGUEROA,**
      **Plaintiff,**

**v.**                                                              **Case No. CL25001672-00**

**C.H. ROBINSON OPERATIONS, INC.;**
**ROBINSON COMPANY INC., C.H.;**
**C.H. ROBINSON COMPANY INC.;**
**C.H. ROBINSON INTERNATIONAL, INC.;**
**C.H. ROBINSON WORLDWIDE, INC.;**
**C.H. ROBINSON COMPANY LLC;**
**AARON COUNCIL;**
**LAMONT CRANDELL, SR.; and**
**LAMONT CRANDELL, JR.**
      **Defendants.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT ROBINSON COMPANY

     COMES NOW Plaintiff with his First Set of Interrogatories to Defendant Robinson Company, Inc., C.H.

### INSTRUCTIONS

A. Please produce documents electronically with Bates numbers (or some other organizational labeling) that does not interfere with the legibility or use of the materials and in a manner that corresponds with specific Bates ranges identified in response to each discovery request. See Rule 4:9 (b) (iii) (regarding organization of document production); Rule 4:8 (option to produce business records).

B. Unless otherwise stated, these discovery requests refer to the time, place, and circumstances pleaded in the Complaint.

**DEFINITIONS**

C. Unless otherwise provided, these discovery requests and words used therein are to be interpreted using their ordinary, common-sense meaning.

D. "Document," "communication," "information," or similar words mean any medium, whether tangible or intangible, for recording, retrieving, or exchanging information. "Documents" include "communications" or other "information."

E. "Identify," "describe," "detail," "state," or similar words require that each discoverable fact be communicated with particularity.

F. "Identify," "describe," "detail," "state," or similar words, when used in reference to a document, mean to state the type of document, its date, author, present location or custodian, or other identifying information. If a responsive document is no longer in your possession, custody, or control, please state what happened to it.

G. "Identify," "describe," "detail," "state," or similar words, when used in reference to a person, mean to state the person's full name, last known address, last known telephone number, job title and/or business affiliation at the time of the subject incident, and (if different) last known job title and/or business affiliation.

H. "Identify," "describe," "detail," "state," or similar words, when used in reference to an entity, mean to state the entity's full name, address, and telephone number.

I. "Person" means any natural person or entity.

J. "Relating to" or similar phrases mean containing, mentioning, discussing, summarizing, or referencing.

K. "You" means the party or parties to whom these requests are addressed and its agents.

L.  "Subject Action" or similar words mean the lawsuit commenced by the filing of Plaintiff's Complaint.

M.  "Subject Incident" or similar words mean the incident alleged in Plaintiff's Complaint.

N.  "Vehicle" or "Truck" refers to the truck involved in the Subject Incident.

O.  "Defendant CH Operations" refers to Defendant C.H. Robinson Operations, Inc.

P.  "Defendant Robinson Company" refers to Defendant Robinson Company Inc., C.H.

Q.  "Defendant CH Inc." refers to Defendant C.H. Robinson Company, Inc.

R.  "Defendant CH International" refers to Defendant C.H. Robinson International, Inc.

S.  "Defendant CH Worldwide" refers to Defendant C.H. Robinson Worldwide, Inc.

T.  "Defendant CH LLC" refers to Defendant C.H. Robinson Company LLC.

U.  "Defendant Council" refers to Defendant Aaron Council.

V.  "Defendant Crandell Sr" refers to Defendant Lamont Crandell, Sr.

W.  "Defendant Crandell Jr." refers to Defendant Lamont Crandell, Jr.

X.  "C.H. Defendants" refers to C.H. Robinson Operations, Inc.; Robinson Company Inc., C.H. d/b/a C.H. Robinson Transportation Co., Inc., and d/b/a Robinson Fresh (CI); C.H. Robinson Company Inc. d/b/a C H Robinson Worldwide Inc.; C.H. Robinson International, Inc.; C.H. Robinson Worldwide, Inc.; and C.H. Robinson Company LLC d/b/a Ch Robinson Worldwide.

## INTERROGATORIES

1.  Identify the names, addresses (home and business), telephone numbers (home and business), and dates of birth of all persons who contributed to answering these Interrogatories.

**ANSWER:**

2. Identify whether your name is properly stated within the Complaint. If not, please state the correct way you could be designated as a party defendant in an action at law at the time of the Incident.

   **ANSWER:**

3. Identify the legal entity and status of the entity responding to these Interrogatories, the state of incorporation or formation, the identities of officers, directors, general partners, and/or limited partners.

   **ANSWER:**

4. Identify your corporate structure, to include the entity's departments and scope of duties of each department.

   **ANSWER:**

5. Identify the names, addresses (home and business), telephone numbers (home and business), and dates of birth of all persons who may have knowledge of discoverable matters, facts, statements, or information relevant to the subject incident, subject action, or Plaintiff's discovery requests (including persons with whom you have spoken regarding the subject incident; persons who have been involved with interviews regarding the subject incident; eyewitnesses; or people claiming to be eyewitnesses).

   **ANSWER:**

6. Provide a brief summary of facts or a category of facts (ex., "arrived at the scene" or "damages") known by each individual identified in response to Interrogatory No. 5.

   **ANSWER:**

7. Identify the names, addresses (home and business), telephone numbers (home and business), and dates of birth of all persons to whom you, your agents, or your employees have given statements regarding the Incident and the substance of each statement. Include the identity of the person who gave the statement, the identity of the person(s) to whom the statement was given or who were present for the statement, when and where the statement was given, and the identity of the present custodian of the statement.

   **ANSWER:**

8. Describe all interviews or investigations into the subject incident (internal or external). Include the identity of persons who conducted interviews or investigations into the subject incident (ex. medical experts, private investigators, or insurance adjusters), the identity of persons who were interviewed or involved in the investigation, the identify of person who gave statements during the interview or investigation, when and where the interviews or investigations were conducted, the identity of the present custodian of all records regarding all interviews or investigations, and the factual findings of such interviews or investigation.

   **ANSWER:**

9. Identify all photographs, videos, or other imaging of Plaintiff, the scene of the subject incident, or other locations or objects related to the subject incident in your possession, custody, or

control. Include the identity of the person who took the imaging, when and where the imaging was taken, and the identity of the present custodian of the imaging.

**ANSWER:**


10. Describe how you contend the Incident occurred in as much factual detail as possible, including any reasons you contend you are not liable to Plaintiff for the subject incident or for Plaintiff's damages. Include the identity of persons you believe caused or contributed to the subject incident.

**ANSWER:**


11. Identify all expert witnesses you expect to call or anticipate will testify at trial. Include the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each of the opinion to which the expert is expected to testify.

**ANSWER:**


12. Identify all insurance policies that may afford you coverage related to the subject incident and subject action (including all policies insuring vehicles you owned, operated, or controlled at the time of the subject incident; all policies under which you may be an additional insured; and all excess "umbrella" or other policies that may afford insurance coverage to you at the time of the accident). Include the identity of the insured, the name of insurance company, the policy number, the policy period, the number of vehicles covered (if applicable), and the policy limits for personal injuries and property damages.

**ANSWER:**

13. Describe the scope and nature of the relationship, contractual or otherwise, between yourself and the other C.H. Robinson Defendants.

    **ANSWER:**

14. Describe the scope and the nature of the relationship, contractual or otherwise, you have or had with Defendant Council.

    **ANSWER:**

15. Describe the scope and the nature of the relationship, contractual or otherwise, you have or had with Defendant Crandell Sr. and/or Defendant Crandell Jr.

    **ANSWER:**

16. Describe the scope and the nature of the relationship, contractual or otherwise, you have or had with Stihl, Inc., including, but not limited to, the specific relationship with the Virginia Beach facility involved in the subject incident.

    **ANSWER:**

17. Identify and describe the specific role of the Robinson Company with respect to C.H. Robinson's business as whole and/or with respect to all other C.H. Robinson Defendants.

    **ANSWER:**

18. Describe all training or certifications you required or suggested your employees complete as it relates to driving or operating any trucks or other vehicles on behalf of the Robinson Company.

**ANSWER:**

19. Describe all training or certifications you required or suggested Defendant Crandell Jr. and/or Defendant Crandell Sr. complete as it relates to driving or operating any trucks or other vehicles on behalf of the Robinson Company. Include what, if any, requirements Defendant Crandell Jr. and/or Defendant Crandall Sr. had to meet prior to being hired or otherwise commencing a working relationship, such as drug testing, background checks, interviews, driving tests, certifications, or licenses.

**ANSWER:**

20. State whether any equipment on the Truck was defective or inoperative at the time of this incident, and, if so, state how long the equipment was defective or inoperative, the nature of the defective or inoperative equipment, who was notified of the defective or inoperative equipment, when such person was notified of the defective or inoperative equipment, whether such defective or inoperative equipment contributed in any way to the occurrence of this Incident, whether the defective or inoperative equipment has been repaired, by whom it has been repaired, and the date(s) and place(s) the repair was undertaken and completed.

**ANSWER:**

21. Identify all shippers, brokers, corporations, companies, or any other entities to or from whom you were delivering at the time of the subject incident.

**ANSWER:**

Respectfully yours,
**JORGE FIGUEROA,**
**Plaintiff**

Dated: <u>May 15, 2025</u>

Alexis Bale | VSB No. 100318
Kevin Biniazan | VSB No. 92109
Lauren A. Martin | VSB No. 93653
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
Phone | 757.622.6000
Fax | 757.299.8028
Email | abale@bbtrial.com
Email | kevin@bbtrial.com
Email | lmartin@bbtrial.com

*Counsel for Plaintiff*

**V I R G I N I A:**

### IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

**JORGE FIGUEROA,**
    **Plaintiff,**

**v.**

**Case No. CL25001672-00**

**C.H. ROBINSON OPERATIONS, INC.;**
**ROBINSON COMPANY INC., C.H.;**
**C.H. ROBINSON COMPANY INC.;**
**C.H. ROBINSON INTERNATIONAL, INC.;**
**C.H. ROBINSON WORLDWIDE, INC.;**
**C.H. ROBINSON COMPANY LLC;**
**AARON COUNCIL;**
**LAMONT CRANDELL, SR.; and**
**LAMONT CRANDELL, JR.**
    **Defendants.**

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ROBINSON COMPANY

COMES NOW Plaintiff with his First Set of Requests for Production to Defendant Robinson Company Inc., C.H.

### INSTRUCTIONS

A.  Please produce documents electronically with Bates numbers (or some other organizational labeling) that does not interfere with the legibility or use of the materials and in a manner that corresponds with specific Bates ranges identified in response to each discovery request. See Rule 4:9 (b) (iii) (regarding organization of document production); Rule 4:8 (option to produce business records).

B.  Unless otherwise stated, these discovery requests refer to the time, place, and circumstances pleaded in the Complaint.

## DEFINITIONS

C. Unless otherwise provided, these discovery requests and words used therein are to be interpreted using their ordinary, common-sense meaning.

D. "Document," "communication," "information," or similar words mean any medium, whether tangible or intangible, for recording, retrieving, or exchanging information. "Documents" include "communications" or other "information."

E. "Identify," "describe," "detail," "state," or similar words require that each discoverable fact be communicated with particularity.

F. "Identify," "describe," "detail," "state," or similar words, when used in reference to a document, mean to state the type of document, its date, author, present location or custodian, or other identifying information. If a responsive document is no longer in your possession, custody, or control, please state what happened to it.

G. "Identify," "describe," "detail," "state," or similar words, when used in reference to a person, mean to state the person's full name, last known address, last known telephone number, job title and/or business affiliation at the time of the subject incident, and (if different) last known job title and/or business affiliation.

H. "Identify," "describe," "detail," "state," or similar words, when used in reference to an entity, mean to state the entity's full name, address, and telephone number.

I. "Person" means any natural person or entity.

J. "Relating to" or similar phrases mean containing, mentioning, discussing, summarizing, or referencing.

K. "You" means the party or parties to whom these requests are addressed and its agents.

L. "Subject Action" or similar words mean the lawsuit commenced by the filing of Plaintiff's Complaint.

M. "Subject Incident" or similar words mean the incident alleged in Plaintiff's Complaint.

N. "Vehicle" or "Truck" refers to the truck involved in the Subject Incident.

O. "Defendant C.H. Operations" refers to Defendant C.H. Robinson Operations, Inc.

P. "Defendant Robinson Company" refers to Defendant Robinson Company Inc., C.H.

Q. "Defendant C.H. Inc." refers to Defendant C.H. Robinson Company, Inc.

R. "Defendant C.H. International" refers to Defendant C.H. Robinson International, Inc.

S. "Defendant C.H. Worldwide" refers to Defendant C.H. Robinson Worldwide, Inc.

T. "Defendant C.H. LLC" refers to Defendant C.H. Robinson Company LLC.

U. "Defendant Council" refers to Defendant Aaron Council.

V. "Defendant Crandell Sr" refers to Defendant Lamont Crandell, Sr.

W. "Defendant Crandell Jr." refers to Defendant Lamont Crandell, Jr.

X. "C.H. Defendants" refers to C.H. Robinson Operations, Inc.; Robinson Company Inc., C.H. d/b/a C.H. Robinson Transportation Co., Inc., and d/b/a Robinson Fresh (CI); C.H. Robinson Company Inc. d/b/a C H Robinson Worldwide Inc.; C.H. Robinson International, Inc.; C.H. Robinson Worldwide, Inc.; and C.H. Robinson Company LLC d/b/a Ch Robinson Worldwide.

## REQUESTS FOR PRODUCTION

1. All documents reviewed, referenced, or relied upon when answering discovery requests in the subject action (including documents referencing witness or party statements, investigative reports, photographs, etcetera).

**RESPONSE:**

2. All documents reviewed, referenced, or relied upon when answering Plaintiff's Complaint in

the subject action.

**RESPONSE:**

3. All documents you may rely upon at deposition, hearing, or trial in the subject action.

**RESPONSE:**

4. A complete copy of Defendant Crandell Sr. and/or Defendant Crandell Jr.'s employment record and/or personnel file.

**RESPONSE:**

5. All documents related to the hiring, training, and retention of Defendant Crandell Sr. and/or Defendant Crandell Jr.

**RESPONSE:**

6. Any and all blood and/or drug tests, and the results thereof, performed on Defendant Crandell Sr. and/or Defendant Crandell Jr. after the occurrence of the Incident out of which this action arises.

**RESPONSE:**

7. Any and all employee handbooks provided to Defendant Crandell Sr. and/or Defendant Crandell Jr. upon or after his or their hiring.

**RESPONSE:**

8. Any and all other policies, procedures, or manuals you, your employees, and/or your agents use or provide to manage persons involved in driving, shipping, and/or transporting goods.

**RESPONSE:**

9. All documents relating to the hiring, training, and retention process for drivers, shippers, and transporters, including, but not limited to, bids, proposals, evaluations, and qualifications.

   **RESPONSE:**

10. All documents relating to any agreements between you, your employees, or your agents and any person or entity to, from, or with whom you were driving, shipping, and/or transporting goods at the time of the subject incident, including shipper-carrier agreements, shipping agreements, carrier agreements, brokerage agreements, and other similar documents.

    **RESPONSE:**

11. All documents relating to bills of lading, purchase orders, and/or other similar documents relating to the subject incident and/or to or for whom you were delivering at the time of the subject incident.

    **RESPONSE:**

12. To the extent not previously produced, any and all other documents related to any relationship, contractual or otherwise, you have with Defendant Crandell Sr. and/or Defendant Crandell Jr.

    **RESPONSE:**

13. To the extent not previously produced, any and all other documents related to any relationship, contractual or otherwise, you have with Defendant Council.

**RESPONSE:**

14. To the extent not previously produced, any and all other documents related to any relationship, contractual or otherwise, you have with Stihl, Inc., including, but not limited to, any relationship with their Virginia Beach facility involved in the subject incident.

    **RESPONSE:**

15. Any contracts, agreements, or other documents related to the scope and nature of the relationship that the Robinson Company had or has with the other C.H. Robinson Defendants, as described in your response to Interrogatory No. 13, insofar as such documents pertain to the Robinson Company's potential for liability for the subject incident.

    **RESPONSE:**

16. To the extent not previously produced, any and all other contracts, agreements, or other documents related to the Robinson Company's role, as identified in response to Interrogatory No. 17, with respect to C.H. Robinson's business as a whole and/or with respect to the other C.H. Robinson Defendants.

    **RESPONSE:**

17. Every photograph, model, or other tangible item of evidence in any relating to the Incident, including, but not limited to, the Plaintiff, Plaintiff's injuries, the scene of the Incident, and the vehicle(s) and/or forklift(s) involved in the Incident.

    **RESPONSE:**

18. Any photographs, videos, audio recordings, or other tangible items of evidence relating to the subject incident which were created or produced through the use of recording devices on the inside or outside of the Truck involved in the subject incident (i.e., dashboard cameras).

   **RESPONSE:**

19. Every insurance policy identified in your answers to Interrogatories <u>in its entirety</u>.

   **RESPONSE:**

20. All documents prepared during the regular course of business or in your daily affairs as a result of the subject incident or subject action, including, but not limited to, incident reports, state government filings, and/or OSHA filings.

   **RESPONSE:**

21. Every document or other tangible item of any nature whatsoever, relating to the inspection, maintenance, and/or repair of the Vehicle referenced in your answer to Interrogatory No. 20.

   **RESPONSE:**

22. A copy of the title and registration to the vehicle(s)/truck(s) involved in the subject incident.

   **RESPONSE:**

23. All documents obtained pursuant to any document request related to the subject incident or subject action (including documents obtained pursuant to subpoena *duces tecum* or Freedom of Information Act). This does <u>not</u> include documents produced to Defendants by Plaintiff in

the subject action.

**RESPONSE:**

24. All documents providing factual support to any claim or defense to the subject incident or subject action or that you reviewed, referenced, or relied upon while asserting any defense to Plaintiff's Complaint (including general defenses, affirmative defenses, please in bar, or motions to dismiss).

**RESPONSE:**

25. All non-privileged documents produced as a result of any interview or investigation into the subject incident (internal or external).

**RESPONSE:**

26. To the extent not previously produced, all documents referencing, identifying, or containing statements made relating to the subject incident, including any documents containing statements made by Plaintiff.

**RESPONSE:**

27. All curriculum vitae of expert witnesses you expect to call at trial in the subject action.

**RESPONSE:**

28. All reports of expert witnesses you expect to call at trial in the subject action.

**RESPONSE:**

29. All documents upon which experts you expect to call at trial based their opinions and reports in the subject action.

**RESPONSE:**

30. All documents upon which experts you expect to call at trial reviewed, referenced, or relied upon when writing his/her report or making his/her opinions in the subject action.

    **RESPONSE:**

31. All documents exchanged between experts you expect to call at trial and anyone relating to the subject incident or subject action.

    **RESPONSE:**

32. All publications authored by experts you expect to call at trial relating to the subject incident or subject action.

    **RESPONSE:**

33. All social media posts or messages relating to the subject incident or subject action.

    **RESPONSE:**

**Respectfully yours,**
**JORGE FIGUEROA,**
**Plaintiff**

Dated: May 15, 2025

Alexis Bale | VSB No. 100318
Kevin Biniazan | VSB No. 92109
Lauren A. Martin | VSB No. 93653
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451

Phone | 757.622.6000
Fax | 757.299.8028
Email | abale@bbtrial.com
Email | kevin@bbtrial.com
Email | lmartin@bbtrial.com

*Counsel for Plaintiff*


**Respectfully yours,**
**JORGE FIGUEROA,**
**Plaintiff**


Dated: <u>May 15, 2025</u>

                        _____

Alexis Bale | VSB No. 100318
Kevin Biniazan | VSB No. 92109
Lauren A. Martin | VSB No. 93653
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA 23451
Phone | 757.622.6000
Fax | 757.299.8028
Email | abale@bbtrial.com
Email | kevin@bbtrial.com
Email | lmartin@bbtrial.com

*Counsel for Plaintiff*